FILED
SUPERIOR COURT
OF GUAM

2012 JUL 11 PM 2: 10

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM | CRIMINAL CASE NO. CM0363-09 |
| vs. | DECISION AND ORDER (Motion to Dismiss Under **People v. Rasauo**) |
| NUNTER E. LUDWIG, DOB: 12/20/1962 Defendant. | |

### INTRODUCTION

This matter came before the Honorable Anita A. Sukola on June 11, 2012, for a hearing on Nunter E. Ludwig's ("Defendant") Motion to Dismiss Under People v. Rasauo. Assistant Public Defender Pablo M. Aglubat represented Defendant. Assistant Attorney Generals Jesse Nasis and Lea Kear appeared on behalf of the People of Guam ("the People"). The Court took the matter under advisement. Upon review of the evidence, written arguments, and legal authorities presented by both parties, the Court hereby issues this Decision and Order.

### BACKGROUND

A Complaint was filed in the above-captioned case on May 6, 2009, charging Defendant with (1) Assault (As a Misdemeanor) and (2) Harassment (As a Petty Misdemeanor). Complaint (May 6, 2009). Defendant was notified to appear in Court on May 20, 2009 at 9 a.m. Citation and Notice to Appear (May 6, 2009). On May 20, 2009, Defendant failed to appear for an

arraignment hearing as ordered on the Citation and Notice to Appear filed May 6, 2009. Super. Ct. of Guam Minute Entry Log No. 111150 (May 20, 2009). That same day, The Honorable Alberto C. Lamorena, III issued a Bench Warrant commanding the arrest of Defendant by any Peace Officer for failure to appear for an arraignment hearing with bail affixed at $1000. Bench Warrant (May 20, 2009).

On October 20, 2010, Defendant appeared with counsel at a criminal trial setting on a separate case, in which this Court notified the defendant of the bench warrant. The Court proceeded to vacate the bench warrant and set the arraignment hearing to November 3, 2010. Afterwards, the Defendant was released on a $1000 personal recognizance bond. Order of Conditional Release and Appearance Bond (October 20, 2010).

On November 3, 2010, Defendant appeared with counsel and was arraigned. He plead not guilty and requested a jury trial. Defendant also waived his right to a speedy trial pursuant to 8 G.C.A. § 80.60 and the 6th Amendment. Super. Ct. of Guam Minute Entry Log No. 102808 (November 3, 2010) and Def's Assertion or Waiver of Speedy Trial (November 3, 2010). Defendant was present at all Court hearings thereafter, except for a Trial Settings on February 18, 2011, April 29, 2011, and April 16, 2012.

Defendant filed a Motion to Dismiss under People v. Rasauo on April 19, 2012. Def's Notice of Motion & Motion to Dismiss under People v. Rasauo (April 19, 2012). The People opposed Defendant's Motion to Dismiss. People's Opposition to Motion to Dismiss (April 24, 2012). Thereafter, Defendant filed a Reply to People's Opposition to Defendant's Motion for the Dismissal of the Complaint. Def's Reply to People's Opposition to Defendant's Motion for the Dismissal of the Complaint. (Jan. 23, 2012).

The Court heard Defendant's Motion to Dismiss under People v. Rasauo on June 11, 2012, and now issues this Decision.

## DISCUSSION

Defendant argues that the Complaint be dismissed pursuant to People v. Rasauo, 2011 Guam 14. Defendant states that a Complaint was filed against him On May 6, 2009, and that he was not arraigned until November 3, 2010, a total of five hundred forty-six (546) days after the filing of the Complaint. Defendant also cites that the record does not indicate the reason for such delay beyond the sixty day rule created by the decision in People v. Rasauo, 2011 Guam 14. Def's Notice of Motion and Motion to Dismiss Under People v. Rasuao (April 26, 2012).

The People oppose this motion arguing that good cause is shown for the delay in Defendant's arraignment and that Defendant "does not provide any argument as to why he believes good cause does or does not exist in this case." People's Opposition to Motion to Dismiss at 2 (April 24, 2012).

The Supreme Court of Guam held that "unless good cause is shown, a Complaint shall be dismissed where a defendant is not promptly arraigned within 60 days of the filing of the Complaint." See People v. Rasauo, 2011 Guam 14 ¶ 14. This Court notes that Rasauo II articulated that "compliance with this new standard continues to require a case by case analysis of whether or not the specific circumstances of any given case show good cause for delay beyond the 60 day period normally required to comply with law." Rasauo II ¶ 14. The holding in Rasauo II is designed to provide a baseline standard, and not bind the hands of the trial court in cases where deviation from this baseline is judged to be appropriate. Rasauo II ¶ 14.

In the instant case, Defendant was cited on May 31, 2008 and given notice to appear ("NTA") with a date of May 20, 2009. On May 6, 2009, the Complaint was filed, but no

summons was issued. On May 20, 2009, Magistrate Court recommended a bench warrant be issued, due to the Defendant not appearing at the noticed hearing. A Bench Warrant was issued that same day. Defendant appeared with counsel on October 20, 2010 for a trial setting hearing in a separate case, at which time the Defendant was notified by this Court of his outstanding warrant. Defendant was arraigned on November 3, 2010, after five hundred forty-six (546) days had passed from the filing of the Complaint.

The time between the filing of the Complaint on May 6, 2009 and Defendant's arraignment on November 3, 2010 amounts to five hundred forty-six (546) days. The Court notes that there is no good cause for the delay between the filing of the Complaint and the NTA date fourteen (14) days later. This issue is muted since the amount of delay does not violate the 60 day rule announced in Rasauo II.

The Court finds that any delay caused by a Defendant's failure to appear at an arraignment that has been properly noticed is good cause. The delay from any May 6, 2009 (when the complaint was filed) to May 20, 2009 (NTA date) was fourteen (14) days and within the 60 day rule announced in Rasauo II. The delay from May 20, 2009 (NTA date) to November 3, 2010 amounts to five hundred thirty-two (532) days and ultimately attributed by Defendant's lack of communication with the criminal justice system. Therefore, the delay of arraignment caused by Defendant's failure to appear is good cause for purposes of the 60 day rule. People v. Flores, 2009 Guam 22 ¶ 32 (citing People v. Johnson, 606 P.2d 738, 746 (Cal.1980)).

///

For these reasons, the Court DENIES Defendant's Motion to Dismiss Under People v. Rasauo.

## CONCLUSION

By a preponderance of the evidence and based on the foregoing reasons, the Court DENIES Defendant's Motion to Dismiss Under People v. Rasauo.

**SO ORDERED** this ⟨⟨ day of <u>July</u>, 2012.

This matter is set for further proceedings on <u>July 30, 2012</u> at <u>10am</u>.

<u>                                    </u>
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

JUL 1 1 2012



Amanda D. Guiterrianc
Deputy Clerk, Superior Court of Guam